IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SHEET METAL WORKERS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HENRY OLHAVA, dba HYPEX HEATING & SHEETMETAL, INC., <br><br> Defendant. | No. C 04-4603 CRB <br><br> **ORDER GRANTING MOTION FOR DEFAULT JUDGMENT** |

This is an ERISA action for delinquent contributions to a trust fund. Now before the Court is plaintiffs' motion for default judgment. Defendant has not answered the complaint and has not otherwise communicated with the Court. After carefully considering the papers filed by plaintiff, the Court concludes that oral argument is unnecessary, see Local Rule 7-1(b), and GRANTS the motion for default judgment.

## BACKGROUND

### A. Procedural History

Plaintiffs filed this ERISA action to recover delinquent contributions for February 2004, April 2004, December 2004, January 2005, February 2005, March 2005, May 2005, and July 2005 through November 2005. Plaintiff also seeks liquidated damages and interest for those delinquent contributions. Defendant was served with the complaint, but he has

failed to answer or otherwise communicate with the Court. Default was entered on February 16, 2005. Plaintiffs now moves for entry of default judgment.

**B.     The Evidence In The Record**

Defendant entered into a collective bargaining agreement with Sheet Metal Workers Pension Trust of Northern California (the "cba"). By entering into the cba, defendant agreed to be bound by the terms and conditions of various Trust Agreements. The Trust Agreements require defendant to pay contributions to the plaintiffs on behalf of covered workers and provides that contributions are due no later than the 20th day of the following month. A contribution is considered delinquent unless the plaintiffs receives the contribution by that date.

The Trust Agreements provide further that the defendant shall pay liquidated damages in an amount equal to 20 percent of the amount of contributions due, plus interest on the overdue amount and attorneys' fees.

The evidence establishes that defendant has failed to make contributions totaling $8,974.42 and that he owes liquidated damages of $6,088.17, 15 percent interest on the unpaid contributions in the amount of $787.44, costs of $625.00, and attorneys' fees of $925.00 totaling

## DISCUSSION

ERISA provides that

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. ERISA also authorizes an award of interest on delinquent and unpaid contributions, as well as liquidated damages and attorneys fees and costs in an action for collection of contributions. See 29 U.S.C. § 1132(g). In the Ninth Circuit, to qualify for an award of statutory liquidated damages, unpaid contributions must exist at the time the lawsuit was filed. See Idaho Plumbers & Pipe Fitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989).

1   As the allegations of the complaint are accepted as true, and as the evidence
2  establishes that defendant owes plaintiff a sum certain, plaintiff's motion for a default
3  judgment is GRANTED in the total amount of .
4   **IT IS SO ORDERED.**
5  Dated: February 27, 2006



CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2004\4603\ordergrantingdefaultjudgment.wpd            3